UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WADE C. MARTIN                                    CIVIL ACTION

VERSUS                                            NO. 07-3318

WARDEN BURL CAIN                                  SECTION "J"(2)

## TRANSFER ORDER

Petitioner, WADE C. MARTIN, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1988 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The prosecutor knowingly elicited false testimony and withheld exculpatory evidence;

2) Trial counsel was hindered by a conflict of interest;

3) Counsel rendered ineffective assistance in failing to request appointment of a sanity commission or to have petitioner's competency evaluated;

4) A report by a professor of pharmacology dated June 12, 2000 shows that his confession was not voluntary.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Wade Martin v. Burl Cain, Civil Action 98-3666 "J"(2). In that petition, petitioner raised the following grounds for relief:

    1)       The prosecutor knowingly elicited false testimony and withheld exculpatory evidence;

    2)       Trial counsel was hindered by a conflict of interest;

    3)       Counsel rendered ineffective assistance by failing to pursue an insanity defense or challenge petitioner's mental competence to stand trial.

That petition was dismissed with prejudice on the merits by Judgment entered February 11, 2000. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals affirmed. <u>Wade Martin v. Burl Cain</u>, 00-30318 (5th Cir. 2001).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

    1)       the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)       (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that WADE C. MARTIN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 10th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE